## COMMONWEALTH *vs.* ORLANDO BROWN.

Essex.    November 7. — 28, 1877.    MORTON & SOULE, JJ., absent.

Where terms of a police court are by law to be held daily for the transaction of crim-
inal business, and on the first and third Wednesdays of each month for civil busi-
ness, and the record in a criminal case shows that it was heard and adjudged in
that court on the second Wednesday of a month, but fails to set forth that the pro-
ceedings were had " at a criminal term " of the court, it will be presumed that the
court was then engaged in the transaction of criminal business, and a motion in
arrest of judgment must be overruled.

COMPLAINT to the Police Court of Haverhill for keeping and
maintaining a certain tenement in Haverhill, for the illegal sale
and illegal keeping of intoxicating liquors, the same being a
common nuisance.    The record, transmitted to the Superior
Court on appeal, was as follows :

" Commonwealth of Massachusetts.    Essex, ss.    By virtue of
the within warrant, the respondent is brought before the Police
Court of Haverhill, in said county of Essex, this ninth day of
May, A. D. 1877, and the within complaint is read to him, and
being asked whether he is guilty or not guilty of the offence
within charged upon him says that he is not guilty ; but after
hearing divers witnesses duly sworn to testify the truth, the
whole truth, and nothing but the truth, and fully understanding
the defence of said defendant, it is adjudged by the said· court
that said defendant is guilty of said offence.    It is therefore
ordered by said court that the said defendant pay a fine of fifty
dollars and costs of this prosecution ; and, in default of pay-
ment, that he be committed to either house of correction in said
county for the term of sixty days, and that he be committed to
either house of correction aforesaid for the further term of three
months."

The record further stated that the defendant appealed to the
Superior Court for the county of Essex, and recognized to pros-
ecute his appeal.

In the Superior Court, after a verdict of guilty, the defendant
moved in arrest of judgment, " because it does not appear from
the record that the complaint was heard and adjudged at a crim-
inal term of the Police Court of Haverhill, or at a term of said
court held for the transaction of criminal business, which fact

should appear to give either the court below or this court juris-diction in the premises." *Pitman,* J., overruled the motion; and the defendant alleged exceptions.

*E. F. Stone,* for the defendant.

*W. C. Loring,* Assistant Attorney General, (*C. R. Train,* Attorney General, with him,) for the Commonwealth.

ENDICOTT, J. The St. of 1869, *c.* 385, provides that police courts shall be held for the transaction of criminal business daily; and the St. of 1877, *c.* 74, provides that the Police Court of Haverhill shall be held for civil business on the first and third Wednesdays of each month, and on such other days as the justice shall determine. It appears by the record that this case was tried May 9, 1877, (which was Wednesday,) before the Police Court of Haverhill. A court was required by law to be held on that day for criminal business. It is to be presumed that such a court was held in obedience to the requirement; and as this case was within the jurisdiction of such a court, and as the record recites that it was heard and adjudged in the Police Court of Haverhill on that day, it is to be presumed that it was then engaged in the transaction of criminal business. It was tried at a time when the court should have been, and we presume was, in session for that purpose. *Exceptions overruled.*